Filed 2/6/26  In re C.W. CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| In re C.W., a Person Coming Under the Juvenile Court Law. | C103565 |
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>    v.<br><br>C.W.,<br><br>        Defendant and Appellant. | (Super. Ct. No. JV141951) |

Appointed counsel for minor C.W. (minor) filed an opening brief under *People v. Wende* (1979) 25 Cal.3d 436.  Finding no arguable error that would result in a disposition more favorable to minor, we affirm the judgment.

BACKGROUND

In July 2024, law enforcement pulled over minor, who was then 17 years old, for a traffic violation.  A subsequent search of the car revealed marijuana and a loaded firearm.  A juvenile wardship petition under Welfare and Institutions Code section 602 was filed in

1

Sacramento County case No. JV141951.[1]  The petition alleged that minor unlawfully carried a concealed firearm within a vehicle (Pen. Code, § 25400, subd. (a)(1); count one), carried a loaded firearm on his person or in his vehicle while in a public place (*id.*, § 25850, subd. (a); count two), possessed an assault weapon (*id.*, § 30605, subd. (a); count three), and possessed less than 28.5 grams of cannabis (Health & Saf. Code, § 11357, subd. (a); count four).  The petition also alleged enhancements for not being the registered owner of the firearm as to count one (Pen. Code, § 25400, subd. (c)(6)) and count two (*id.*, § 25850, subd. (c)(6)).

Later that month, the juvenile court found minor was a child as described in section 602.  The court released minor to his mother's custody and ordered electronic monitoring.

In August 2024, the juvenile court removed minor from electronic monitoring, over the People's objection.  The court released minor to the care and custody of his mother on home supervision.

In September 2024, minor moved to suppress evidence pursuant to section 700.1 based on an assertedly illegal warrantless search of the car.  The People opposed the motion.  Sacramento County Sheriff's Detective Terrence McDonald, who conducted the traffic stop and searched minor's car, testified at the suppression hearing, and footage from his body-worn camera was admitted as evidence.

The juvenile court denied the motion.  The court found that Detective McDonald had probable cause to search the car, reasoning that minor was 17 years old at the time of the stop, "the officer smelled marijuana, both burnt and fresh," and it "was illegal for a person 17 years old to possess marijuana."  In reaching this conclusion, the court declined

---

[1] Undesignated statutory references are to the Welfare and Institutions Code.

to consider minor's statement during the traffic stop that there was marijuana in the car's center console. (See § 625.6.)

In October 2024, after minor turned 18 years old, the juvenile court granted defense counsel's motion to modify his custody status and downgraded minor from home supervision to straight release as an adult.

The juvenile court held a contested jurisdictional hearing in March 2025. The court dismissed count four (possession of cannabis) at the People's request. Detective McDonald then testified that, on July 23, 2024, he was patrolling in an unmarked police car when he saw minor make a right hand turn on a red light onto a public street without coming to a complete stop, in violation of the Vehicle Code. A female passenger, who was then 18 years old, was also in the car.

Detective McDonald initiated a traffic stop, removed minor from the car, and asked minor routine questions such as whether he had a driver's license or was on probation or parole. Minor said he was 17 years old and provided his license. Detective McDonald smelled burnt marijuana on minor after he stepped out of the car. Although minor initially denied having marijuana in the car, he later admitted there was marijuana in the center console. Detective McDonald searched the vehicle and located marijuana as well as a backpack on the passenger side floorboard. The backpack contained a short barrel rifle and medication with minor's name on it.

Detective Tahir Jones, who was with Detective McDonald during the traffic stop, noticed that minor was not wearing a seatbelt before he turned right on a red light without coming to a complete stop. In addition to the firearm, the backpack found in minor's car contained 14.5 grams of packaged marijuana, a digital scale with marijuana residue, and a bottle of medication prescribed to minor. The firearm, which was not registered with the Department of Justice, was a black AR-15 style rifle with a pistol grip but without a stock. The firearm had a loaded, detachable (rather than a fixed) 30-round magazine, the barrel length was shorter than 16 inches, and there was a live 5.56 caliber round

3

chambered in it. Based on Detective Jones's training and experience, the firearm appeared to be working and operable. In Detective Jones's opinion, the firearm qualified as an assault weapon in California.

Two recorded phone calls minor made while in the youth detention facility after being arrested were also admitted at the contested hearing. In one call, minor told an unknown female that he was "pretty sure I wipe[d] that motherfucker down, but if your prints on there, they can try to say it's yours, but I told her I would take it to trial before I let them do that." The unknown female responded, "[a]ll our prints are on there," and minor said he "cleaned it before so I'm pretty sure. Let me stop saying that shit on here." In another call, minor admitted to an unknown male, "I had a rifle. I don't know if they're gonna go that easy on me."

The juvenile court sustained the petition, finding that the allegations in the petition were true and that minor was a person described by section 602. The matter was set for disposition in April 2025.

At the disposition hearing, the juvenile court adjudged minor a ward of the court, committed him to his own care and custody under the supervision of the probation officer, and placed him on juvenile probation on various terms and conditions after modifying one condition as minor requested. The court awarded minor four days of custody credit for time spent in juvenile hall; ordered him to complete 20 days of electronic monitoring and 70 days of home supervision, both of which he had already completed and were deemed time served; and directed minor to complete 25 hours of community service. The court set minor's term of probation at one year.

Minor timely appealed.

## DISCUSSION

Minor's appointed counsel filed a brief asking this court to conduct an independent review of the record to determine whether there are any arguable issues on appeal. (*People v. Wende*, *supra*, 25 Cal.3d 436.) Minor was advised by counsel of his

4

right to file a supplemental brief within 30 days from the filing of the opening brief.  He has not filed a supplemental brief.

We have undertaken an examination of the record and conclude that there is no arguable error that would result in a disposition more favorable to minor.

DISPOSITION

The juvenile court's judgment is affirmed.


                                                            /s/

                                                   FEINBERG, J.


We concur:


/s/

EARL, P. J.


/s/

HULL, J.